IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EILEEN MONTES, Special Administrator**
**Of the Estate of Evangelio Montes, Jr.,**
**Deceased**                                                                                         **PLAINTIFF**

V.                                            4:24CV00346 JM

**MIDWEST BUILDERS CASUALTY**
**MUTUAL COMPANY**                                                                 **DEFENDANT**

## ORDER

Before the Court is Defendant's motion to dismiss. Plaintiff has responded. For the reasons stated below, the motion is granted.

I.  Facts[1]

Decedent Evangelio Montes Jr. was an employee of KAJACS Contractors, Inc., a regulated construction company doing business in Arkansas. Decedent worked for KAJACS on a public construction project near England, Arkansas. On or about August 28, 2023, Decedent died while saving the life of his co-worker when a trench Decedent and his coworkers were digging collapsed on them. Plaintiff Eileen Montes as Special Administratrix of the Decedent's Estate brings this direct action against Defendant Midwest Builders Casualty Mutual Company, the insurer of KAJACS, under Ark. Code Ann. § 23-79-210 for wrongful death and the Arkansas survivor statute. Defendant is an insurance company with its principal place of business in Kansas City, Missouri. Decedent was a resident of Arkansas. The Court has diversity jurisdiction over the case.

---

[1] For purposes of this motion, the facts are taken from the Complaint.

II.        <u>Standard for Motion to Dismiss</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

III.  Analysis

A. Workers Compensation is the Exclusive Remedy

In its motion, Defendant contends that the remedy provided to Plaintiff under the Arkansas Workers Compensation Act is her excusive remedy. The Court agrees.

The Arkansas Workers' Compensation Act provides that "[e]very employer and every employee, unless otherwise specifically provided in this chapter, shall be subject to the provisions of this chapter and shall be bound thereby." Ark. Code Ann. § 11-9-103(a). And the chapter applies "to claims for injures and death based on accidents" that occur after December 2, 1948. *Id*. at § 11-9-103(b). Employees are granted certain rights and remedies by the Arkansas Workers' Compensation Act, such as the right to be compensated for injures that occur during employment, regardless of fault. *See id*. at § 11-9-401(a)(1).

"The rights and remedies granted to an employee subject to the provisions of [the Arkansas Workers' Compensation Act], on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer[.]" *Id.* at § 11-9-105(a). And "[n]o role of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be the exclusive rights regardless of the multiple roles, capacities, or personas the employer may be deemed to have." *Id*.

The Arkansas Workers' Compensation Act applies to injuries and death that "aris[e] out of and in the course of employment." Ark. Code Ann. § 11-9-401(a). The Complaint states that the Decedent was a member of the four-man crew who were responsible for digging a portion of

the trench for the pipeline and pumping systems. (Comp., ECF No. 2, ¶ 23). On the morning of August 28, 2023, one of the team members was operating a track hoe and stopped digging to allow team member Steven Milsap to enter the trench to shoot the elevation. *Id.* at ¶ 27. The trench caved in from the bottom up and buried Mr. Milsap. *Id.* Decedent immediately jumped into the trench to dig Milsap out with his hands. *Id.* at ¶ 28. While Decedent was in the trench, it caved in a second and third time. *Id.* at ¶¶ 33, 34). Decedent died minutes after being rescued from under the dirt. *Id.* at ¶ 35. From the facts stated in the Complaint, Decedent's injuries and death arose out of and in the course of his employment with KAJACS. A remedy under the Arkansas Workers Compensation Act is Plaintiff's exclusive remedy. *See Cherry v. Tanda, Inc.,* 940 S.W.2d 457 (Ark. 1997).

    B. <u>Direct Action Statute</u>

Plaintiff argues that she is not suing Defendant as KAJACS' workers compensation carrier but is rather suing Defendant as KAJACS' liability insurance carrier. Plaintiff contends that because KAJACS purchased liability insurance separately and apart from its requirement to provide workers compensation insurance, she has the additional remedy of a direct action against Defendant based on the language of Ark. Code Ann. § 23-79-210. The direct action statute "operates to provide injured parties with a remedy when there otherwise would have been none." *Archer v. Sisters of Mercy Health Systems,* 294 S.W.3d 414, 420 (Ark. 2009). Plaintiff has a remedy under the Arkansas Workers Compensation Act. Therefore, Ark. Code Ann. § 23-79-210 does not apply in this case.

    IV.   <u>Conclusion</u>

Defendant's motion to dismiss (ECF No. 5) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 11th day of July, 2024.

                                                                          _____
                                                                          James M. Moody Jr.
                                                                          United States District Judge